**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BERKLEY ASSURANCE COMPANY** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 1:21-CV-0630** |
| | § | |
| **TEX-TAR WATERPROOFING, INC.** | § | |
| | § | |
| **DEFENDANT** | § | **(JURY TRIAL)** |

**PLAINTIFF BERKLEY ASSURANCE COMPANY'S ORIGINAL COMPLAINT**
**AGAINST TEX-TAR WATERPROOFING, INC.**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, the plaintiff, Berkley Assurance Company, and files this original complaint for declaratory judgment against the defendant, Tex-Tar Waterproofing, Inc., and would respectfully show unto this Honorable Court as follows:

## PARTIES

1.    The plaintiff, Berkley Assurance Company, is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business in the State of Arizona.  Berkley Assurance Company conducts business in the State of Texas as a surplus lines insurer.

2.    The defendant, Tex-Tar Waterproofing, Inc., is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Austin, Texas.  Tex-Tar Waterproofing, Inc. may be served with process by serving its registered agent, Richard Johnson, 702 Wren Avenue, Austin, Texas 78753.   No

service is requested at this time.

## VENUE AND JURISDICTION

3.      There is diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000).   As such, jurisdiction in this judicial district exists pursuant to 28 U.S.C. § 1332.

4.      The underlying lawsuit at issue in this case is pending in Travis County, Texas. Moreover, Tex-Tar Waterproofing, Inc. is a corporate resident of Travis County, Texas. Accordingly, venue in this judicial district and division is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## FACTS GIVING RISE TO CLAIM

5.      Berkley Assurance Company ("Berkley") incorporates the preceding paragraphs in this complaint by reference.

6.      Berkley issued the following commercial general liability insurance policies to Tex-Tar Waterproofing, Inc. ("Tex-Tar"):

a. Policy no. VUMC0028460 with effective dates from February 23, 2013 to February 23, 2014 ("the 2013 Berkley policy");

b. Policy no. VUMC0028461 with effective dates from February 23, 2014 to February 23, 2015 ("the 2014 Berkley policy");

c.  Policy no. VUMC0028462 with effective dates from February 23, 2015 to February 23, 2016 ("the 2015 Berkley policy");

d. Policy no. VUMC0028463 with effective dates from February 23, 2016 to February 23, 2017 ("the 2016 Berkley policy");

e. Policy no. VUMC0028464 with effective dates from February 23, 2017 to February 23, 2018 ("the 2017 Berkley policy"); and

f. Policy no. VUMC0028465 with effective dates from February 23, 2018 to February 23, 2019 ("the 2018 Berkley policy").

The 2013, 2014, 2015, and 2016 Berkley policies shall sometimes be collectively referred to herein as "the 2013-2016 Berkey policies." The 2017 and 2018 Berkley policies shall sometimes be collectively referred to herein as "the 2017-2018 Berkley policies." The 2013-2016 Berkey policies and the 2017-2018 Berkley policies shall sometimes be collectively referred to herein as "the Berkley policies."

7.     On or about January 29, 2020, Tex-Tar was named as a defendant in a construction defect lawsuit styled Villas of Lost Canyon Homeowners Association, Inc. v. Heiser Development Corporation, et al., Cause no. D-1-GN-20-000560, filed in the 459th Judicial District Court, Travis County, Texas ("the underlying lawsuit").

8.     Tex-Tar has tendered the underlying lawsuit to Berkley for a defense and indemnity under the Berkley policies.

9.     Berkley is providing Tex-Tar with a defense in the underlying lawsuit under the 2018 Berkley policy subject to a full and complete reservation of rights to which Berkley is entitled under the Berkley policies and applicable law.

10.     The Berkley policies provide commercial general liability insurance coverage subject to the terms, conditions, definitions, limitations, and exclusions set forth in and affixed to the Berkley policies, which policies provide, in relevant part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** –Definitions.

**SECTION I** – **COVERAGES**

**COVERAGE A** – **BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

\*\*\*

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

        **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

> **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

> **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

> **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

\*\*\*

## 2. Exclusions

This insurance does not apply to:

\*\*\*

### j.  Damage To Property

"Property damage" to:

\*\*\*

> **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

> **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\*\*\*

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"…

\*\*\*

**SECTION III – LIMITS OF INSURANCE**

**1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

    **a.** Insureds;

    **b.** Claims made or "suits" brought; or

    **c.** Persons or organizations making claims or bringing "suits".

**2.** The General Aggregate Limit is the most we will pay for the sum of:

    **a.** Medical expenses under Coverage **C**;

    **b.** Damages under Coverage **A**, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

    **c.** Damages under Coverage **B**.

**3.** The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

\*\*\*

**5.** Subject to Paragraph **2.** or **3.** above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

    **a.** Damages under Coverage **A;** and

    **b.** Medical expenses under Coverage **C** because of all "bodily injury" and "property damage" arising out of any one occurrence".

\*\*\*

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

\*\*\*

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        **(1)** How, when and where the "occurrence" or offense took place;

        **(2)** The names and addresses of any injured persons and witnesses; and

        **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.** If a claim is made or "suit" is brought against any insured, you must:

        **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

        **(2)** Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.** You and any other involved insured must:

        **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

\*\*\*

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a.   Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will not share with all that other insurance by the method described in Paragraph **c.** below.

**b.   Excess Insurance**

This insurance is excess over:

**(1)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

**(a)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work"…

\*\*\*

**(2)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer

defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(2)** The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

\*\*\*

**SECTION V – DEFINITIONS**

\*\*\*

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.** You have failed to fulfill the terms of a contract or agreement;

\*\*\*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

**16.** "Products-completed operations hazard":

    **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        **(1)** Products that are still in your physical possession; or

        **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            **(a)** When all of the work called for in your contract has been completed.

            **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

            Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

\*\*\*

**17**. "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\*\*\*

**21**. "Your product":

    **a.** Means:

        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(a)** You;

**(b)** Others trading under your name; or

**(c)** A person or organization whose business or assets you have acquired; and

**(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**(2)** The providing of or failure to provide warnings or instructions.

**c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":

**a.** Means:

**(1)** Work or operations performed by you or on your behalf; and

**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"…

\*\*\*

[THE 2017-2018 BERKLEY POLICIES ONLY]

**WORK HEIGHT RESTRICTION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The following exclusion is added to **Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, paragraph 2. Exclusions** and **Section I**

**– Coverages**, **Coverage B Personal and Advertising Injury Liability, paragraph 2. Exclusions:**

The coverage under this policy does not apply to "bodily injury", "property damage", "personal and advertising injury", or any injury, loss or damage:

1. Arising out of or resulting from ongoing operations performed by any insured or on behalf of any insured on the exterior of any building or structure above a ground height of five stories or fifty feet, whichever is greater; or

2. Arising out of or resulting from "your work" performed on the exterior of any building or structure above a ground height of five stories or fifty feet, whichever is greater.

***
[THE 2013-2016 BERKLEY POLICIES ONLY]

## WORK HEIGHT RESTRICTION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE

The following exclusion is added to Paragraph **2. Exclusions** of **Section 1 – Coverage A Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions** of **Coverage B Personal and Advertising Injury Liability:**

The coverage under this policy does not apply to "bodily injury", "property damage", "personal and advertising injury", or any injury, loss or damage:

1. Arising out of or resulting from ongoing operations performed above a ground height of fifty feet on any building or structure constructed by any insured or on behalf of any insured; or

2. Arising out of or resulting from your work performed above a ground height of fifty feet on any building or structure.

***
[THE 2017-2018 BERKLEY POLICIES ONLY]

## BACTERIA, MOLD, MILDEW, PATHOGEN OR OTHER FUNGI EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE

The following exclusion is added to Paragraph **2. Exclusions** of **Section 1 – Coverage A Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions** of **Coverage B Personal and Advertising Injury Liability:**

The coverage under this policy does not apply to "bodily injury", "property damage", "personal injury", "advertising injury", arising out of or in connection with exposure to or the manifestation, release, dispersal, seepage, migration, discharge, appearance, presence or growth of bacteria, mold, mildew, mycotoxins, fungi or other "pathogen". Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage.

This exclusion also applies to any claim arising out of allegations of acts or omissions by or on behalf of any insured in connection with exposure to or the manifestation, release, dispersal, seepage, migration, discharge, appearance, presence or growth of bacteria, mold, mildew, mycotoxins, fungi or other "pathogen". We will have no duty to defend any insured against any claim or loss excluded by this endorsement regardless of whether the allegations forming the basis of the claim or loss are groundless, false, or fraudulent.

This exclusion includes but is not limited to:

1.  Any cost, expense or charge to test, monitor, clean-up, remediate, remove, contain, treat, detoxify, neutralize, rehabilitate, or in any way respond to or assess the effects of bacteria, mold, mildew, mycotoxins, fungi or other "pathogen"; or

2.  Any cost, expense or charge in connection with the actual or alleged discharge, dispersal, seepage, migration, release, escape, exposure to, manifestation, appearance, presence, or growth of bacteria, mold, mildew, mycotoxins, fungi or other "pathogen".

"Pathogen" is defined as anything that can produce disease including any infectious agent such as a virus, bacterium, prion, fungus, viroid, or parasite that causes disease in its host. The host may be a human, an animal, a plant, a fungus, or even another micro-organism. "Pathogen" also includes any organic irritant or contaminant, including but not limited to fungus, bacteria, virus, or other microorganism of any type, including but not limited to their byproducts such as spores or mycotoxin, or any hazardous substance as classified by the EPA.

\*\*\*

[THE 2013-2016 BERKLEY POLICIES ONLY]

**BACTERIA, MOLD, MILDEW OR OTHER FUNGI EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE

The following exclusion is added to Paragraph **2. Exclusions** of **Section 1 – Coverage A Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions** of **Coverage B Personal and Advertising Injury Liability:**

The coverage under this policy does not apply to "bodily injury", "property damage", "personal injury", "advertising injury", arising out of or in connection with exposure to or the manifestation, release, dispersal, seepage, migration, discharge, appearance, presence or growth of bacteria, mold, mildew, mycotoxins, fungi or organic pathogens. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage.

This exclusion also applies to any claim arising out of allegations of acts or omissions by or on behalf of any insured in connection with exposure to or the manifestation, release, dispersal, seepage, migration, discharge, appearance, presence or growth of bacteria, mold, mildew, mycotoxins, fungi or other pathogens. We will have no duty to defend any insured against any claim or loss excluded by this endorsement regardless of whether the allegations forming the basis of the claim or loss are groundless, false, or fraudulent.

This exclusion includes but is not limited to:

1.  Any cost, expense or charge to test, monitor, clean-up, remediate, remove, contain, treat, detoxify, neutralize, rehabilitate, or in any way respond to or assess the effects of bacteria, mold, mildew, mycotoxins, fungi or organic pathogen; or

2.  Any cost, expense or charge in connection with the actual or alleged discharge, dispersal, seepage, migration, release, escape, exposure to, manifestation, appearance, presence, or growth of bacteria, mold, mildew, mycotoxins, fungi or organic pathogens.

"Organic pathogen" means any organic irritant or contaminant including but not limited to bacteria, mold, fungus, or virus, including but not limited to their

byproducts such as mycotoxins, mildew, or biogenic aerosol. "Organic pathogen" includes but is not limited to the following fungi or mycotoxins produced by such fungi: Aspergillus, Penicillium, Stachybotrys chartarum, Trichodema, and Fusarium Memnoniella.

\*\*\*

## EXCLUSION – CONTINUING DAMAGES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE
PRODUCTS-COMPLETED OPERATIONS LIABILITY COVERAGE

The following exclusion is added to Paragraph **2., Exclusions of SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and Paragraph **2. , Exclusions** of **SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY:**

**Continuing Damages**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" which began prior to the earlier of:

1.  The inception date of the first policy in a series of uninterrupted renewal policies issued by us; or

2.  The inception date of this policy.

This exclusion applies whether or not:

1.  The damage or its cause was known to any insured before the inception date of this policy; or

2.  Repeated or continuous exposure to conditions causing "bodily injury", "property damage" or "personal and advertising injury" occurred during the policy period or caused additional or progressive "bodily injury", "property damage", or "personal and advertising injury" during the policy period; or

3.  The "occurrence" continues during the policy period of this policy; or

4.  The insured's legal obligation to pay damages was established as of the inception date of this policy.

\*\*\*

[THE 2017-2018 BERKLEY POLICIES ONLY]

## LIMITED RESIDENTIAL CONSTRUCTION EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**A.** This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or any injury, loss or damage arising out of inadequate, improper, faulty or defective construction arising out of, caused by, or attributable to, whether in whole or in part, from "your work" or "your product" involving "residential construction".

This exclusion does not apply to (exceptions to this exclusion apply only when indicated with an "X" or when a specific project or work is identified below):

☐ "Custom homes"

☐ "Semi-Custom homes"

☐ Single family homes constructed in single family home projects or developments where the total number of single family homes in the project or development does not exceed 40 homes, unless otherwise specified below.

☐ Townhouses and or "condominium" buildings including common space and dwelling units where the total number of dwelling units within the condominium building does not exceed 40 units, unless otherwise specified below.

☑ Single family homes constructed in single family home projects or developments where the total number of single family homes in the project or development does not exceed 20 homes, unless otherwise specified below.

**B.** The following definitions are added to the **Section V - Definitions**:

"Residential construction" means all development, design, building or other construction, improvements, site selection, surface or subsurface site preparation, or any work, products or component parts thereof, or services provided in relation to any of the foregoing, involving property intended in whole or in part for residential habitation or any common or public areas or facilities related thereto. "Residential construction" shall include, but not be

limited to, single-family detached housing or multiple family housing, including townhouses, condominiums, cooperatives, duplexes, triplexes, and or fourplexes. "Residential construction" does not include "apartment structures". "Residential construction" does not include the construction of additions from ground level up to a height of fifty (50) feet, or any work, including "non-structural repair work", that began after the date of initial occupancy provided such work is unrelated to or does not complete work that began prior to the date of initial occupancy.

"Custom homes" are one-of-a-kind houses that are built for a specific client and for a particular location under a unique plan and or blueprint created by an architect or by a professional home designer.

"Semi-Custom homes" are houses that are built for a specific client and for a particular location under a builder's basic floor plan wherein the floor plan has been altered and reworked to incorporate changes and or modifications specifically for that client and location.

"Apartment structures" are multi-unit dwelling structures that are designed to be leased or rented by the owner of the structures to third party tenants and includes apartment buildings and apartment units.

"Non-structural repair work" means construction, except construction that adds or involves a load bearing portion of any structure or involves any defect that significantly and adversely affects the use or utility of a structure for residential habitation.

"Condominium" is defined as any of the following: (1) an estate in real property where there is an undivided interest in common in a portion of real property, coupled with a separate interest in space called a unit, the boundaries of which are described on a recorded final map, parcel map, or condominium plan. The areas within the boundaries may be filled with air, earth or water, or any combination thereof, and need not be attached to land except by easements for access or support; (2) a type of ownership in real property where all of the owners own the property, common areas and buildings together, with the exception of the interior of the unit to which they have title; (3) real estate, portions of which are designated for separate ownership and the remainder of which is designated for common ownership, solely by the owners of those designated portions; (4) a single real property parcel with all the unit owners having a right in common to use the common elements with a separate ownership confined to the individual units that are serially designated.

\*\*\*

[THE 2013-2016 BERKLEY POLICIES ONLY]

**NEW RESIDENTIAL CONSTRUCTION LIMITATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE

The following exclusion is added to Paragraph **2. Exclusions of Section 1 – Coverage A Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions of Coverage B Personal and Advertising Injury Liability**:

The coverage under this policy does not apply to "bodily injury", "property damage", "personal and advertising injury" or any injury, loss or damage arising out of inadequate, improper, faulty or defective construction arising out of resulting from or attributable to in whole or in part from "your work" or "your product" involving "residential construction".

"Residential construction" means all development, design, building or other construction, improvements, site selection, surface or subsurface site preparation, or any work, products or component parts thereof or services provided in relation to any of the foregoing, involving property intended in whole or in part for residential habitation, or any common or public areas or facilities related thereto in which the total project or development exceeds 20 homes and/or units."

"Residential construction" does not include the construction of additions from ground level up to a height of fifty feet, or any work which is begun after the date of initial occupancy provided such work is unrelated to or does not complete work begun prior to the date of initial occupancy.

11.     Based on the suit allegations in the underlying lawsuit, the actual facts and

circumstances giving rise to the claims at issue in the underlying lawsuit, and the terms,

conditions, limitations, definitions, and exclusions set forth in and affixed to the Berkley

policies, there exists a bona fide coverage dispute with respect to whether there is

insurance coverage available under the Berkley policies for the claims asserted against

Tex-Tar in the underlying lawsuit, which dispute is ripe and appropriate for determination pursuant to the Federal Declaratory Judgment Act.

## REQUEST FOR DECLARATORY JUDGMENT

12.    Berkley incorporates the preceding paragraphs in this original complaint by reference.

13.    Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that there is no insurance coverage available under the 2013-2016 Berkley policies for the claims asserted against Tex-Tar in the underlying lawsuit by virtue of the **NEW RESIDENTIAL CONSTRUCTION LIMITATION** endorsement affixed to the 2013-2016 Berkley policies.

14.    Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to defend Tex-Tar in the underlying lawsuit under the 2013-2016 Berkley policies by virtue of the **NEW RESIDENTIAL CONSTRUCTION LIMITATION** endorsement affixed to the 2013-2016 Berkley policies.

15.    Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to indemnify Tex-Tar for any settlement or judgment in the underlying lawsuit under the 2013-2016 Berkley policies by virtue of the **NEW RESIDENTIAL CONSTRUCTION LIMITATION** endorsement affixed to the 2013-2016 Berkley policies.

16.    Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that there is no insurance coverage available under the 2017-2018 Berkley policies for the claims asserted against Tex-Tar in the underlying lawsuit by virtue of the **LIMITED RESIDENTIAL CONSTRUCTION EXCLUSION** endorsement affixed to the 2017-2018 Berkley policies.

17.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to defend Tex-Tar in the underlying lawsuit under the 2017-2018 Berkley policies by virtue of the **LIMITED RESIDENTIAL CONSTRUCTION EXCLUSION** endorsement affixed to the 2017-2018 Berkley policies.

18.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to indemnify Tex-Tar for any settlement or judgment in the underlying lawsuit under the 2017-2018 Berkley policies by virtue of the **LIMITED RESIDENTIAL CONSTRUCTION EXCLUSION** endorsement affixed to the 2017-2018 Berkley policies.

19.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that there is no insurance coverage available under the Berkley policies for the claims asserted against Tex-Tar in the underlying lawsuit by virtue of the **WORK HEIGHT RESTRICTION** endorsements affixed to the Berkley policies.

20.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to defend Tex-Tar in the underlying lawsuit under the Berkley policies by virtue of the **WORK HEIGHT RESTRICTION** endorsements affixed to the Berkley policies.

21.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to indemnify Tex-Tar for any settlement or judgment in the underlying lawsuit under the Berkley policies by virtue of the **WORK HEIGHT RESTRICTION** endorsement affixed to the Berkley policies.

22.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that there is no insurance coverage available under the Berkley policies for the claims asserted against Tex-Tar in the underlying lawsuit to the extent there are no claims

asserted against Tex-Tar in the underlying lawsuit for recovery of damages because of "property damage" caused by an "occurrence" during the policy period of any of the Berkley policies.

23.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to defend Tex-Tar in the underlying lawsuit under the Berkley policies for the claims asserted against Tex-Tar in the underlying lawsuit to the extent there are no claims asserted against Tex-Tar in the underlying lawsuit for recovery of damages because of "property damage" caused by an "occurrence" during the policy period of any of the Berkley policies.

24.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to indemnify Tex-Tar for any settlement or judgment in the underlying lawsuit under the Berkley policies for the claims asserted against Tex-Tar in the underlying lawsuit to the extent there are no claims asserted against Tex-Tar in the underlying lawsuit for recovery of damages because of "property damage" caused by an "occurrence" during the policy period of any of the Berkley policies.

25.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that there is no insurance coverage available under the Berkley policies for the claims asserted against Tex-Tar in the underlying lawsuit by virtue of **Exclusion j.(5)** set forth in the Berkley policies.

26.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to defend Tex-Tar in the underlying lawsuit under the Berkley policies by virtue of **Exclusion j.(5)** set forth in the Berkley policies.

27.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to indemnify Tex-Tar for any settlement or judgment in the underlying lawsuit under the Berkley policies by virtue of the **Exclusion j.(5)** set forth in the Berkley policies.

28.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that there is no insurance coverage available under the Berkley policies for the claims asserted against Tex-Tar in the underlying lawsuit by virtue of **Exclusion j.(6)** set forth in the Berkley policies.

29.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to defend Tex-Tar in the underlying lawsuit under the Berkley policies by virtue of **Exclusion j.(6)** set forth in the Berkley policies.

30.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to indemnify Tex-Tar for any settlement or judgment in the underlying lawsuit under the Berkley policies by virtue of the **Exclusion j.(6)** set forth in the Berkley policies.

31.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that there is no insurance coverage available under the Berkley policies for the claims asserted against Tex-Tar in the underlying lawsuit by virtue of **Exclusion k.** set forth in the Berkley policies.

32.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to defend Tex-Tar in the underlying lawsuit under the Berkley policies by virtue of **Exclusion k.** set forth in the Berkley policies.

33.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to indemnify Tex-Tar for any settlement or judgment in the underlying lawsuit under the Berkley policies by virtue of the **Exclusion k.** set forth in the Berkley policies.

34.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that there is no insurance coverage available under the Berkley policies for the claims asserted against Tex-Tar in the underlying lawsuit by virtue of **Exclusion l.** set forth in the Berkley policies.

35.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to defend Tex-Tar in the underlying lawsuit under the Berkley policies by virtue of **Exclusion l.** set forth in the Berkley policies.

36.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to indemnify Tex-Tar for any settlement or judgment in the underlying lawsuit under the Berkley policies by virtue of the **Exclusion l.** set forth in the Berkley policies.

37.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that there is no insurance coverage available under the Berkley policies for the claims asserted against Tex-Tar in the underlying lawsuit by virtue of **Exclusion m.** set forth in the Berkley policies.

38.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to defend Tex-Tar in the underlying lawsuit under the Berkley policies by virtue of **Exclusion m.** set forth in the Berkley policies.

39.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to indemnify Tex-Tar for any settlement or judgment in the underlying lawsuit under the Berkley policies by virtue of the **Exclusion m.** set forth in the Berkley policies.

40.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that there is no insurance coverage available under the 2013-2016 Berkley policies for the claims asserted against Tex-Tar in the underlying lawsuit by virtue of the **BACTERIA, MOLD, MILDEW OR OTHER FUNGI EXCLUSION** endorsement affixed to the 2013-2016 Berkley policies.

41.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to defend Tex-Tar in the underlying lawsuit under the 2013-2016 Berkley policies by virtue of the **BACTERIA, MOLD, MILDEW OR OTHER FUNGI EXCLUSION** endorsement affixed to the 2013-2016 Berkley policies.

42.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to indemnify Tex-Tar for any settlement or judgment in the underlying lawsuit under the 2013-2016 Berkley policies by virtue of the **BACTERIA, MOLD, MILDEW OR OTHER FUNGI EXCLUSION** endorsement affixed to the 2013-2016 Berkley policies.

43.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that there is no insurance coverage available under the 2017-2018 Berkley policies for the claims asserted against Tex-Tar in the underlying lawsuit by virtue of the **BACTERIA, MOLD, MILDEW, PATHOGEN OR OTHER FUNGI EXCLUSION** endorsement affixed to the 2017-2018 Berkley policies.

44.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to defend Tex-Tar in the underlying lawsuit under the 2017-2018 Berkley policies by virtue of the **BACTERIA, MOLD, MILDEW, PATHOGEN OR OTHER FUNGI EXCLUSION** endorsement affixed to the 2017-2018 Berkley policies.

45.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to indemnify Tex-Tar for any settlement or judgment in the underlying lawsuit under the 2017-2018 Berkley policies by virtue of the **BACTERIA, MOLD, MILDEW, PATHOGEN OR OTHER FUNGI EXCLUSION** endorsement affixed to the 2017-2018 Berkley policies.

46.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that there is no insurance coverage available under the Berkley policies for the claims asserted against Tex-Tar in the underlying lawsuit by virtue of the **EXCLUSION – CONTINUING DAMAGES** endorsements affixed to the Berkley policies.

47.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to defend Tex-Tar in the underlying lawsuit under the Berkley policies by virtue of the **EXCLUSION – CONTINUING DAMAGES** endorsements affixed to the Berkley policies.

48.     Pursuant to the Federal Declaratory Judgment Act, Berkley seeks a declaration that it has no duty to indemnify Tex-Tar for any settlement or judgment in the underlying lawsuit under the Berkley policies by virtue of the **EXCLUSION – CONTINUING DAMAGES** endorsement affixed to the Berkley policies.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Berkley Assurance

Company, prays for declaratory judgment in favor of Berkley Assurance Company and against the defendant, Tex-Tar Waterproofing, Inc., for all declaratory relief requested herein and for such other and further relief to which Berkley Assurance Company may show itself justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

 /s/ Greg C. Wilkins
Greg C. Wilkins
Attorney-in-charge
State Bar No. 00797669
gcw@obt.com

ATTORNEYS FOR PLAINTIFF,
BERKLEY ASSURANCE COMPANY